IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HAL R. LEWIS                                                                                           PLAINTIFF

v.                                           Civil No. 4:23-cv-04092

POLICE CHIEF BOYD KENNEMORE;
SERGEANT CASEY FLEMING; AND
PARTOLMAN CHRISTON STEWART                                                   DEFENDANTS

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

On December 5, 2023, the Honorable Susan O. Hickey referred this case to the undersigned for the purpose of making a Report and Recommendation. ECF No. 10. Before the Court is a Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 11. The motion is ripe for consideration. For the reasons set forth below, the Court recommends the motion be granted and this case be dismissed.

**I.      BACKGROUND**

On October 2, 2023, Plaintiff, Hal R. Lewis, filed his Complaint in this case *pro se* against Police Chief Boyd Kennemore, Sergeant Casey Fleming, and Patrolman Christon Stewart of the Ashdown Police Department ("Defendants").[1] ECF No. 1. On October 31, 2023, Defendants filed a Motion to Dismiss which is still pending before this Court. ECF No. 5.

On November 28, 2023, Plaintiff filed an Amended Complaint against Defendants, in their individual capacities only, alleging his civil rights were violated under 42 U.S.C. §1983. ECF No. 7. He claims on December 6, 2019, he was subjected to excessive force, falsely arrested, and maliciously prosecuted. *Id.* at p. 4. He describes the facts supporting these claims as follows:

> I went in PD to file a theft of 2 antique vehicle complaint. After showing up 5 mins into my cordial encounter with Sergeant Flemming and patrolman Stewart,

---

1 The Complaint asserted claims against Defendants only in their official capacity.

> Chief Kennemore started arguing with me about not being able to prove ownership and its going to be a civil case. I stated that I have witnesses with me when I purchased them. We went back and forth about providing ownership and whether its civil or criminal. Chief Kennemore got mad and yelled in my face for me to "shut up and listen". I yelled back "don't yell at me". Chief Kennemore ordered Sergeant Casey Fleming and Patrolman Christon Stewart "to get me out of there".
>
> Animal Control officer James Barrett witnessed this.
>
> My shoulder rotator cuff and neck was damaged during my handcuffing. I was 62 when this happened and not a bad bone or joint in my body up until this.

ECF No. 7, p. 4. Plaintiff goes on to state "Boyd Kennemore contributed to my left shoulder rotator cuff injury by Maliciously Prosecuting me for the purpose of causing me harm due of his obvious hostility towards me. Casey Fleming damaged my left shoulder rotator cuff handcuffing me. Christon Stewart damaged my left shoulder rotator cuff handcuffing me." *Id.* Plaintiff is seeking "$30,000 from each individual for pain and suffering and $50,000 for the Malicious Prosecution." *Id.* at p. 7.

On December 11, 2024, Defendants filed the instant Motion to Dismiss. ECF No. 11. They argue the claims for excessive force and false arrest are barred by a three-year statute of limitations and Plaintiff fails to state a claim for malicious prosecution upon which relief can be granted. *Id*. Attached as Exhibit 1 to Defendants' Brief in Support of the motion is a copy of the docket for Case # CR-19-2482 from the District Court of Little River County. ECF No. 12-1. The docket indicates: 1) Plaintiff was charged with disorderly conduct on December 9, 2019, for a violation which occurred on December 6, 2019, and initially assessed $340.00 in costs and fees; 2) Plaintiff was arraigned on February 12, 2020, and pled not guilty; 3) a bench trial was held on June 17, 2020, on the disorderly conduct charge and the Court found Plaintiff guilty and ordered him to pay $340.00; 4) on June 22, 2020, Plaintiff paid $340.00. *Id.*

Plaintiff filed a Response to the Motion to Dismiss and asks the Court to "…adjust my Statute of Limitation to reflect fairness in my Covid messed up trial dates." ECF No. 13. He also includes the following dates with corresponding events: "12-9-19 I was falsely arrested for Disorderly Conduct", "6-17-20 was my Bench Trial", "8-16-21 Mistrial Hung Jury", and "12-13-22 Order to Dismiss Speedy Trial". *Id.*

## II.     APPLICABLE LAW

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), "the complaint must include sufficient factual allegations to provide the grounds on which the claim rests." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). The stated claim for relief must be "plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While the Court must accept the factual allegations in the complaint as true and construe them in favor of the plaintiff, the Court must not "presume the truth of legal conclusions couched as factual allegations." *Id.*; *See also, Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("[T]he court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."). In short, "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555).

Rule 12(b)(6) authorizes a court to dismiss a claim based on a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If, as a matter of law, "it is clear that no relief could

be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *Id*. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Moreover, a court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred." *Humphrey v. Eureka Gardens Public Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018). "[T]he court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Illig v. Union Elec. Co.,* 652 F.3d 971, 976 (8th Cir. 2011) (quoting *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010)).

### III. DISCUSSION

#### A. The claims for Excessive Force and False Arrest are barred by the statute of limitations.

Plaintiff alleges Defendants used excessive force against him and falsely arrested him on December 6, 2019. ECF No. 7, p. 4. As discussed below, these claims must be dismissed because they are barred by the statute of limitations.

Claims for civil rights violations under 42 U.S.C. § 1983 are governed by the personal injury statute of limitations of the state where the claims arose. *Crozier for A.C. v. Westside Community School District,* 973 F.3d 882, 888 (8th Cir. 2020). Under Arkansas law, personal injury actions have a three-year statute of limitations. *See* Ark. Code Ann. § 16-56-105(3). The United States Court of Appeals for the Eighth Circuit has held this three-year statute of limitations applies to § 1983 claims in Arkansas. *See Spradling v. Hastings*, 912 F.3d 1114, 1119 (8th Cir. 2019); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992); *Morton*

*v. City of Little Rock*, 934 F.2d 180, 183 (8th Cir. 1991); *Lyons v. Goodson*, 787 F.2d 411, 412 (8th Cir. 1986).

Furthermore, the Supreme Court of the United States has held the statute of limitations for a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to the legal process. *Wallace v. Kato*, 549 U.S. 384, 397 (2007); *see also Martin v. Julian*, 18 F.4th 580 (8th Cir. 2021) (holding that the false arrest/imprisonment statute of limitations began to run when the criminal informations were filed).

The deadline for Plaintiff to file a complaint against Defendants for use of excessive force was December 6, 2022 - three years from the date the alleged incident took place. As previously stated, the statute of limitations for Plaintiff's claim for false arrest began to run on the date he was placed in custody – i.e. the date charges were filed. According to public records, of which the Court will take judicial notice,[2] charges for disorderly conduct were filed against Plaintiff on December 9, 2019. ECF No. 12-1. Thus, Plaintiff had until December 9, 2022, to file a complaint for false arrest against Defendants.

Plaintiff did not file his Complaint for excessive force and false arrest until October 2, 2023 – approximately ten months after the statute of limitations expired. Accordingly, Plaintiff's claims for excessive force and false arrest are barred by the statute of limitations and should be dismissed with prejudice.

B. **Plaintiff fails to state a claim for malicious prosecution.**

---

2 *See Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."). Judicial records are considered part of the public record. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978).

Plaintiff describes his claim for malicious prosecution as follows: "Boyd Kennemore contributed to my left shoulder rotator cuff injury by maliciously prosecuting me for the purpose of causing me harm due of his hostility towards me." ECF No. 7, p. 4. He only mentions malicious prosecution once more under the section of the Amended Complaint entitled "Relief" stating, "I'm seeking $30,000 from each individual for pain and suffering and $50,000 for the malicious prosecution." ECF No. 7, p. 6.

To establish a claim for malicious prosecution, a plaintiff must prove five elements: (1) a proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; (4) malice on the part of the defendant; and (5) damages. *Patrick v. Tyson Foods, Inc*., 206 Ark. App 221, 489 S.W. 3d 683 (2016). The failure of one element renders a malicious prosecution case defunct. *Jones v. McLemore,* 2014 Ark. App. 147, 432 S.W.3d 668. In addition, a claim for relief must be "plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007).

The Court finds Plaintiff's allegations in the Amended Complaint are nothing more than labels and legal conclusions which do not support a claim for malicious prosecution. Plaintiff does not indicate in the Amended Complaint what he was prosecuted for nor does he specify whether there was a termination of the proceeding in his favor. In fact, the record reflects Plaintiff was found guilty of disorderly conduct for his behavior on December 6, 2019, and ordered to pay a fine of $340.00 which he paid on June 22, 2020. ECF No. 12-1. For these reasons, Plaintiff fails to state a claim for malicious prosecution.

IV. **CONCLUSION**

Based on the foregoing, the Court recommends Defendants' Motion to Dismiss (ECF No. 11) be **GRANTED**, Plaintiff's Amended Complaint (ECF No. 7) be **DISMISSED WITH**

**PREJUDICE**, and Defendants' Motion to Dismiss (ECF No. 5) be declared **MOOT**.

The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **26th day of January 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE